# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

LEHOBE J. LYLES SR.,

    Plaintiff,

v.                                                      Case No. 3:20-cv-1070-MMH-JBT

CITY OF JACKSONVILLE, by and
through SHERIFF MIKE
WILLIAMS, in his official capacity
as Sheriff of Jacksonville Sheriff's
Office and the Consolidated City of
Jacksonville, et al.,

    Defendants.

## O R D E R

**THIS MATTER** is before the Court on the Defendant City of Jacksonville's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 20; Motion), filed on November 23, 2020. On December 7, 2020, Plaintiff Lehobe J. Lyles Sr. filed a response in opposition to the Motion. See Plaintiff's Response to the City of Jacksonville Motion to Dismiss (Doc. 21; Response). Accordingly, the Motion is ripe for review.

I.  Background[1]

Plaintiff Lehobe J. Lyles Sr., proceeding pro se, initiated this action on August 7, 2020, by filing a "Law Suit Claim" (Doc. 3; Complaint) in the Fourth Judicial Circuit Court in and for Duval County, Florida. See Doc. 1-3 at 1, Case No. 16-2020-CA-004385-XXXX-MA, docket. Defendant, the City of Jacksonville (City) removed the case to this Court on September 23, 2020. See Notice of Removal (Doc. 1). On October 14, 2020, the City moved to dismiss the Complaint, see City of Jacksonville's Motion to Dismiss (Doc. 11), and Lyles requested leave to amend it two days later, see Motion to Amend Original Complaint (Doc. 14) filed on October 16, 2020. This Court granted Lyles' request for leave to amend his Complaint and denied the City's first motion to dismiss without prejudice as procedurally moot. See Order (Doc. 18).

On November 9, 2020, Lyles filed his Amended Complaint (Doc. 19) which is the operative pleading in this action. In the Amended Complaint, Lyles asserts claims under 42 U.S.C. § 1983 (§ 1983) and names the City, by and through Sheriff Mike Williams, and four individual Officers of the Jacksonville Sheriff's Office ("Individual Defendants") as Defendants. See Amended

---

[1] In considering a motion to dismiss, the Court must accept all factual allegations in the plaintiff's complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. Miljkovic v. Shafritz & Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015) (quotations and citations omitted). As such, the recited facts are drawn from the Amended Complaint and may differ from those that ultimately can be proved.

2

Complaint at 1. In support of his claims, Lyles alleges that on December 28, 2019, four JSO officers were dispatched to his residence in regards to a domestic dispute. See Amended Complaint at 2. Upon learning of an outstanding capias for Lyles' arrest, the officers handcuffed and detained Lyles in a patrol car. See id. at 2-3. Lyles asserts that the JSO officers then "executed a warrantless search of Plaintiff's residence without consent nor was there probable cause to search it," in violation of the Fourth Amendment. See Amended Complaint at 2-3. He also contends that "Defendant violated his due process rights according to the Fourth Amendment." See id. at 2. As relief, Lyles requests monetary damages and "any other relief this court deems just and proper." See id. at 5-6.

## II. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262–63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the . . . claim is

3

and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (citations and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 679. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally

4

construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011) (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

### III. Summary of the Arguments

The City requests that the Court abstain from exercising jurisdiction over Lyles' case pursuant to the abstention doctrine announced in Younger v. Harris, 401 U.S. 37 (1971), see Motion at 5-9, or alternatively, dismiss Lyles' claims,[2] see id. at 9-11. In seeking dismissal, the City asserts that Lyles fails to state a plausible municipal liability claim against it, see id. at 9-11, and that Lyles provides no facts to support a due process claim, see id. at 11. Lyles opposes the Motion and asks that the Court exercise jurisdiction over his claims. See Response at 3.

### IV. Judicial Notice

At any stage of a proceeding, a court may take judicial notice of "a fact

---

[2] Although at the outset of its Motion the City appears to seek dismissal of the Amended Complaint, see Motion at 1-2, the City titles its argument later in the Motion as seeking dismissal as to Lyles' "Federal Claims," see Motion at 9. Because Lyles only asserts federal claims, see Amended Complaint at 1-2, the Court construes the Motion as seeking dismissal of the Amended Complaint in its entirety.

5

that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The United States Court of Appeals for the Eleventh Circuit has cautioned that judicial notice should be employed sparingly because it "bypasses the safeguards which are involved with the usual process of proving facts by competent evidence." Shahar v. Bowers, 120 F.3d 211, 214 (11th Cir. 1997). "[T]he kinds of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." Id.

In a habeas corpus case in which the district court addressed the issue of timeliness, the Eleventh Circuit Court of Appeals held that the dates that the district court noticed from the online state court dockets constituted "judicially noticed facts under Rule 201." Paez v. Sec'y, Fla. Dep't of Corr., 947 F.3d 649, 652 (11th Cir. 2020). Moreover, the Eleventh Circuit has determined that a court may take judicial notice of public records when ruling on a motion to dismiss. See Lozman v. City of Riviera Beach, Fla., 713 F.3d 1066, 1077 n.9 (11th Cir. 2013) (taking judicial notice of state court documents for purposes of a Rule 12(b)(6) motion to dismiss in a § 1983 case). Generally, the Eleventh Circuit has distinguished between taking judicial notice of the fact

6

that court records or court rulings exist and taking judicial notice of the truth of the matters stated within those court records or court filings. See Grayson v. Warden, Comm'r, Ala. DOC, 869 F.3d 1204, 1225 (11th Cir. 2017). Thus, judicial notice of related court cases can be taken only to recognize the judicial act that the order represents or the subject matter of the litigation. See Thomas v. Sec'y, Fla. Dep't of Corr., 644 F. App'x 887, 888 (11th Cir. 2016) (taking "judicial notice of another court's order for the limited purpose of recognizing the 'judicial act'" that the order represented) (citation omitted); McDowell Bey v. Vega, 588 F. App'x 923, 926-27 (11th Cir. 2014) (finding that the district court properly took judicial notice of entries appearing on state court's docket sheet). Consistent with this authority, the Court takes judicial notice of Lyles' pending state court criminal proceeding (case number 16-2019-CF-013052-AXXX-MA).

### V. Abstention

In the Motion, the City requests that the Court abstain from exercising its jurisdiction over Lyles' case because his federal claims are related to an ongoing criminal prosecution against him in the Circuit Court, Fourth Judicial Circuit in and for Duval County, Florida. See Motion at 7-9; Doc. 20-1, exhibit 1, case no. 16-2019-CF-013052-AXXX-MA, docket. In Response, Lyles asks that the Court exercise its jurisdiction and address his claim that JSO officers conducted a warrantless search of his premises. See Response at 2-5.

The Supreme Court has instructed the Younger abstention doctrine

"espouse[s] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). Thus, to the extent Lyles requests that this Court intervene in his pending state court criminal case, such a request is barred by the abstention doctrine and the principles of exhaustion and comity. Absent some exceptional circumstances meriting equitable relief, a federal court should refrain from interfering with a pending state criminal proceeding. See Younger, 401 U.S. at 43-44; Butler v. Ala. Jud. Inquiry Comm'n, 245 F.3d 1257, 1261 (11th Cir. 2001) ("Younger and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases already pending in state court free from federal court interference.") (citation omitted).

"In Younger, the Supreme Court set out three exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing Younger, 401 U.S. at 45). Lyles has provided no factual allegations suggesting that any of these three exceptions to the abstention doctrine would apply in his case. As such, to the extent Lyles states any plausible claim to relief related to the state

8

court prosecution, the Motion is due to be granted in that the Court should abstain from exercising jurisdiction over his claims at this time.

## VI. Dismissal

### a. The City

The City, in the alternative, asks that the Court dismiss Lyles' claims for failure to state a claim for municipal liability pursuant to Monell[3] and failure to state a claim for a violation of due process. See Motion at 9. In his Amended Complaint, Lyles asserts that "[D]efendant violated his Fourth Amendment rights by failing to obtain a valid search warrant and illegally searching his premises, and that the Defendant violated his due process rights according to the Fourth Amendment." See Amended Complaint at 1-2. The City maintains that in bringing this suit against a municipality, Lyles fails to allege that an official government policy, custom, or practice was the moving force behind the alleged constitutional violation. See Motion at 10-11. In his Response, Lyles urges the Court to permit the case to proceed as to his Fourth Amendment claim that Defendant conducted a warrantless search that violated Florida law and JSO policies and procedures. See Response at 1-2.

To the extent Lyles seeks to hold the City responsible for the actions of

---

[3] Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693-94 (1978) (holding that a government entity is liable under § 1983 for an official's constitutional violation only if the violation was based on the government entity's policy, the actions of the official can be fairly deemed to represent government policy, or if the violation was the result of a custom or practice permitting such violation).

the Individual Defendants, the Court notes that the Supreme Court of the United States has soundly rejected the theory of respondeat superior as a basis for liability in § 1983 actions. See Monell, 436 U.S. 658. Instead, a municipality may be liable in a § 1983 action "only where the municipality itself causes the constitutional violation at issue." Cook ex. rel. Est. of Tessier v. Sheriff of Monroe Cnty., 402 F.3d 1092, 1115 (11th Cir. 2005) (citations omitted). Thus, a plaintiff must establish that an official policy or custom of the municipality was the "moving force" behind the alleged constitutional deprivation. See Monell, 436 U.S. at 693-94. "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997) (citation omitted). The policy requirement is designed to "'distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" Grech v. Clayton Cnty., 335 F.3d 1326, 1329 n.5 (11th Cir. 2003) (en banc) (quotation omitted). Indeed, municipal liability arises under § 1983 only where "'a deliberate choice to follow a course of action is made from among various alternatives' by city policymakers." City of Canton v. Harris, 489 U.S. 378, 389 (1989) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 483-84 (1986)). A municipality will rarely have an officially-adopted policy that permits a particular constitutional

10

violation, therefore, in order to state a cause of action for damages under § 1983, most plaintiffs must demonstrate that the municipality has a custom or practice of permitting the violation. See Grech, 335 F.3d at 1330; McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). The Eleventh Circuit has defined "custom" as "a practice that is so settled and permanent that it takes on the force of law" or a "persistent and wide-spread practice." Sewell, 117 F.3d at 489. In other words, a plaintiff must show "[a] pattern of similar constitutional violations." Perez v. City of Sweetwater, 770 F. App'x 967, 972 (11th Cir. 2019) (quoting Craig v. Floyd Cnty., Ga., 643 F.3d 1306, 1310 (11th Cir. 2011)).

Lyles has neither alleged the existence of an official JSO policy nor an unofficial JSO custom or practice that was the "moving force" behind any alleged constitutional violation. Monell, 436 U.S. at 693-94. The City cannot be held liable based on any alleged conduct of or decisions by its employees simply because they were working under contract for the City to serve and protect its citizens. Here, Lyles' factual allegations relating solely to the actions of the Individual Defendants in conducting the warrantless search at issue are simply insufficient to sustain a claim that there was either a policy or a custom or practice of searching a residence without a valid search warrant in violation of the Fourth Amendment, much less that the practice was so widespread that the City had notice of violations and made a "conscious choice" to disregard them. Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998). Thus, to the

extent Lyles wished to pursue a § 1983 claim against the City, he has failed to state a plausible claim for municipal liability. As such, the City's Motion is due to be granted, and Lyles' Fourth Amendment unlawful search and seizure claim is due to be dismissed. See Iqbal, 556 U.S. at 678.

The Court turns next to Lyles' due process claim. A civil rights complaint must include a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Indeed, a complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). To avoid dismissal for failure to state a claim on which relief can be granted, a complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. In the Amended Complaint, Lyles fails to provide any facts supporting his due process claim against the City. Indeed, the entirety of Lyles' due process claim is a single legal conclusion that "Defendant violated [Plaintiff's] due process rights according to the Fourth Amendment." See Amended Complaint at 2. This single conclusory allegation is plainly insufficient to state a claim to any plausible relief. Accordingly, to the

12

extent Lyles attempted to assert a due process claim against the City, it too is due to be dismissed.

### b. Individual Defendants

In his Amended Complaint, Lyles purports to add four individual JSO officers as defendants to the instant action. However, as the City points out in its Motion, it appears that Lyles has failed to effect service of process on any of the Individual Defendants. Notably, the Court's docket reflects that Lyles has not even sought the issuance of summonses to serve on any of the Individual Defendants. Rule 4(m) requires a plaintiff to properly serve a defendant within 90 days of plaintiff filing the complaint,

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

On October 1, 2020, the Honorable Joel B. Toomey, United States Magistrate Judge, issued an order instructing Lyles, among other things, to review the "Proceeding Without a Lawyer" section[4] of the Court's website along with the Federal Rules of Civil Procedure. See Order (Doc. 7). Judge Toomey

---

[4] The Guide for Proceeding without a Lawyer contains instructions regarding service of process under Rule 4.

cautioned Lyles that

> although he is now proceeding pro se, he is not relieved of all of the obligations that rest upon an attorney. There are still many requirements with which Plaintiff must comply, including those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court. Plaintiff is warned that the failure to comply with these requirements and obligations can have significant consequences.

Id. at 5. Lyles had further notice of his obligation (and failure) to serve the Individual Defendants through the City's Motion, in which the City noted Lyles' failure to serve the Individual Defendants and pointed to authority explaining the service requirement. Motion at 2, n. 2. Despite this, neither in his Response nor in any other filing in the nine months since Defendant filed the Motion has Lyles made any attempt to effectuate service of process or explain why his failure to do so should be excused for "good cause." See generally Response. For this reason, the claims against the individual officers are due to be dismissed without prejudice. See Nelson v. Barden, 145 F. App'x 303, 311 (11th Cir. 2005) (the district court did not commit reversible error in sua sponte dismissing a federal prisoner's pro se civil complaint for failure to effect timely service of process as to at least three individual defendants where magistrate judge informed plaintiff of the Rules and plaintiff had an opportunity to establish "good cause" in objections to the report and recommendation). Because the Court finds that Plaintiff's claims against both the City and the Individual Defendants are due to be dismissed, Younger abstention is unnecessary.

14

Accordingly, it is **ORDERED:**

1. The City of Jacksonville's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 20) is **GRANTED.** Plaintiff's claims against the City of Jacksonville are **DISMISSED.**

2. Plaintiff's claims against the Individual Defendants are **DISMISSED without prejudice**.

3. The Clerk shall enter judgment dismissing this case, terminate any pending motions, and close the case.

**DONE AND ORDERED** in Jacksonville, Florida this 27th day of August, 2021.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc28

Copies to:
Counsel of Record